## STATE OF IOWA V. ROBERT MUSHRUSH, Appellant.

**Conspiracy.** One who, knowing the unlawful purpose of another to commit an assault upon a third person, is present to aid and encourage him in it, is responsible as a conspirator for the consequences resulting from the assault, although they were not within the contemplation of either.

EVIDENCE. Evidence of statements made within the hearing of defendant, to the effect that one of the party would make an assault upon a certain person, and that all the party would fight together if he needed help, is admissible as tending to show a conspiracy to which defendant was a party, although he did not make the statements, or expressly assent to them.

SAME. Declarations of defendant's alleged co-conspirators, made shortly after the homicide, and evidence that they and defendant were seen whispering together, were admissible as part of the *res gestæ.*

**Primary Evidence:** SHORTHAND REPORTER. The official shorthand report of the testimony adduced in a trial, is neither primary nor exclusive evidence, and witness who heard the testimony, and remembered it, may be permitted to say what it was.

**Practice:** CONDITIONAL ADMISSION OF TESTIMONY. Evidence which would be admissible if a conspiracy had been *prima facie* established, may be admitted, upon the condition that the state will show a conspiracy.

*Appeal from Audubon District Court.*—HON. A. B. THOR NELL, Judge.

WEDNESDAY, APRIL 8, 1896.

THE defendant was jointly indicted with William McLaughlin, Walter Case, Charles Jones, and William Mushrush for the crime of murder in the first degree, in the killing of one Frank H. Leib. This defendant was separately tried, and convicted of the crime of manslaughter, and judgment of imprisonment in the penitentiary for a term of five years entered against him, from which he appeals.—*Affirmed.*

*H. U. Funk* for appellant.

*Milton Remley*, attorney general, and *William Wonn*, county attorney, for the state.

GIVEN, J.—I.   On the evening of March 9, 1894, this defendant, in company with the other defendants and one Moon, went from the town of Audubon to a schoolhouse in the county, to a public meeting that was quite largely attended. Three brothers (Frank H., Leopold, and Otto Leib) were among those present. During the evening a quarrel arose between the defendant, Case, and Otto and Leopold Leib, on the porch in front of the schoolhouse. During the progress of the quarrel, Frank H. Leib came from the inside of the house, and, after a few words, assaulted Case, knocked him off the porch, and was pursuing the assault, whereupon defendant, McLaughlin, stabbed him in the abdomen with a knife, inflicting a mortal wound, of which the said Frank H. Leib died in a few days thereafter. There is no evidence, nor is it claimed, that this defendant made any assault or inflicted any injury upon deceased.  The claims of the state are these:   That this defendant, and William McLaughlin, and others, had conspired and agreed that an attempt should be made to whip Frank H. Leib, or inflict some injury upon his person, or upon him and his brothers, and that the killing was done by

McLaughlin, in an attempt by him to carry out that unlawful purpose; that, before the killing, McLaughlin contemplated and designed to inflict some injury upon the person of Frank H. Leib, or upon him and his brothers, and that before Leib was stabbed by McLaughlin, this defendant knew of such intention upon the part of McLaughlin, and advised, or encouraged, or incited him to carry out said unlawful purpose; and that the wound which caused Leib's death was inflicted by McLaughlin in an attempt to carry out said unlawful purpose. The defendant, by his motion for a verdict, and his motion for a new trial, which were overruled, and by exceptions to instructions given and refused, has preserved and here presents, the question whether the evidence is sufficient to sustain either of said claims of the state.

II. The following is, in substance, the evidence tending to show defendant's connection with the affair: A few evenings prior to the affray at the schoolhouse, McLaughlin and this defendant were together at a dance at the house of a Mr. Seimsen. Frank H. Leib was also there. McLaughlin said, in the presence and hearing of this defendant, that he would like to hit Frank H. Leib, and, when asked what for, said, "he had it in for that fellow." Later in the evening, when speaking of Frank H. Leib, McLaughlin said, in the presence and hearing of this defendant: "We will catch him as we go home. I will give you the revolver. You take the revolver, and stand the other boys off while I lick Frank." The defendant replied that "he didn't need the revolver; he could stand them off with his fists." In going to the schoolhouse on the evening of March 9, 1894, McLaughlin, Case, this defendant, and Winnie Moon traveled in one conveyance, and William Mushrush drove with them in a road cart. On the way they talked together, in the hearing of this defendant, in

substance as follows: McLaughlin said, if more jumped onto him than he could handle, he would give them some steel. William Mushrush said: "If we get into any melee, he knew where he was going to get help; that we were all in the same crowd." And McLaughlin said: "Of course we are, if we are not in the same rigs." Some one said "that, if anybody picked up a fight with us out there, we would all fight for each other." Witness Moon asked McLaughlin, who he thought was going to pick up a fight out there, and he said, "there was a damned big Dutchman coming there to lick him that night, and he didn't want any help uuless the whole family jumped on, because he had whipped him last winter or fall, easy, and he could do it again." It does not appear that this defendant said anything during these conversations. After arriving at the school house, and before this affray, this defendant said to G. H. Petty, whom he had called aside to take a drink of intoxicating liquor with him, that there was liable to be some trouble there. He was on the porch when the affray was commenced, by Case using offensive language to Otto Leib, to which Otto replied: "That is all right;" whereupon this defendant said: "That cowardly son of a bitch won't fight." It was immediately after this, that Frank H. Leib came out and knocked Case off the porch, followed up the attack, and was stabbed by McLaughlin. After the stabbing, McLaughlin, in great excitement, was flourishing his knife, and bantering and threatening the people generally; and this defendant, standing near him, was calling to the people to stand back, or they would get hurt. Soon thereafter, he, McLaughlin, and Case were seen to converse together in a whisper. There can be no doubt but that McLaughlin intended that a quarrel should be provoked with the Leib brothers, or some of them, and that personal injury should be done to

them, or any of them, resenting the provocation. While this defendant's words and acts were few, we think the jury was warranted in finding therefrom, that he had conspired with McLaughlin to aid him in his unlawful purpose. If this be doubtful, there surely can be no doubt but that, knowing of McLaughlin's unlawful purpose, he was present to aid and encourage him in it. That he did not expect such a result as followed, we think, is true; but he joined in a conspiracy to commit an unlawful act, and was present, aiding and encouraging its commission, and must abide the consequences.

III.   Defendant moved to strike out the testimony of the witness Moon, who testified to the conversations on the way to the schoolhouse, on the ground that no conspiracy had been proven. This evidence tended to show the conspiracy, and the motion was properly overruled. The state was permitted to prove, over defendant's objection, that after they came to the school house, and before the affray, McLaughlin and Case whispered together, and pointed to Frank H. Leib, when this defendant was not present. The ground of the objection was that no evidence of a conspiracy had been introduced, and therefore, the acts of these men were not admissible against this defendant. The evidence was only admissible after a conspiracy had been *prima facie* established, or upon the promise of the state that such evidence would be introduced. *State v. Grant*, 86 Iowa, 216 (53 N. W. Rep. 120). The court admitted this evidence expressly upon condition that the state would thereafter show a conspiracy. Other evidence of a similar character was properly admitted over defendant's objection. The state was permitted to prove, over defendant's objection, declarations of McLaughlin and Case made within a short time after the stabbing, and that they and defendant

were whispering together. This evidence was admissible as part of the *res gestœ*. A witness who had sat as a juror on the trial of McLaughlin was permitted, over defendant's objection, to state what this defendant testified to as to certain matters, on that trial. Defendant contends that this evidence was incompetent, the reporter's notes being the best evidence, and cites *State v. Maloy*, 44 Iowa, 104. In that case an unauthenticated transcript, purporting to be a transcript of the reporter's notes, was offered. This court held that the original notes must be produced, or a sufficient showing made why they were not, before a copy could be admitted. It was not held that one who heard and remembered the former testimony, might not testify as to what it was. It is a common practice to have reporters, after refreshing their recollection from their notes of testimony, state what it was. Surely, it is no more hearsay or secondary for one who heard and remembers to state what it was, than for a reporter whose memory is refreshed by his notes.

IV. Appellant's further contention is that the verdict is contrary to the evidence. The controlling question of fact in the case is whether this defendant conspired to commit the unlawful act, as already stated, or advised, encouraged, or incited its commission. As already stated, we think the jury was authorized to find that he did both. We find no error in the record, and the judgment of the district court is therefore AFFIRMED.