## THE STATE OF KANSAS v. JOHN R. HARMON.

### No. 14,130. (78 Pac. 805.)

#### SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE—*Testimony of Absent Witness—Bill of Rights.* Where, in the trial of a criminal case, a witness who had given testimony at the preliminary hearing was shown to be absent from the state and beyond the jurisdiction of the court, it is competent for one who heard the testimony of the absent witness, and remembers it in substance, to testify to his recollection of the substance of the testimony of the absent witness. The requirements of section 10 of the bill of rights (Gen. Stat. 1901, § 92), that the accused shall be allowed to meet the witness face to face, have been complied with where the accused has met the absent witness face to face at the preliminary hearing.

2. ———— *Evidence—Instructions to Jury.* On the trial of one charged with keeping a gaming-house evidence was introduced showing that the accused, at the time of his arrest, was in possession of gambling devices in the place charged in the information. The court instructed the jury that this testimony should be considered only to show that the property in question was in appellant's possession; that the appellant could not be convicted on testimony tending to show that he was the keeper or owner of the place after the time of the issuing of the warrant, or on testimony tending to show that the place described in the information was a gaming-house after the time of the issuing of the warrant. *Held,* not error.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 1, 1904. Affirmed.

*C. C. Coleman*, attorney-general, *J. E. Torrance*, county attorney, and *W. L. Cunningham*, for The State.

*C. T. Atkinson*, for appellant.

The opinion of the court was delivered by

ATKINSON, J.: In the district court of Cowley county John R. Harmon was convicted of keeping a gaming-house, and sentenced to the penitentiary.

The State v. Harmon.

From the judgment of conviction he appeals to this court.   Among other witnesses sworn and examined at the preliminary hearing was one J. R. Lumpkin. Upon the trial of the case in the district court it was shown that Lumpkin was out of the state.   It was also shown that no official stenographer had taken his testimony upon the preliminary hearing, and that the state was not in possession of stenographic notes or a transcript of his testimony.   One C. S. Beekman, who represented the state at the preliminary hearing, was called and sworn as a witness on behalf of the state, and, over the objection of appellant, testified to his recollection of the testimony given by the witness Lumpkin.   Beekman testified without notes to refresh his recollection.   Upon the admission of this testimony error is assigned.   The appellant claims that it was a denial to him of his constitutional right to meet the witness face to face at the trial of the case in the district court.

In *The State v. Nelson*, 68 Kan. 566, 75 Pac. 505, an appeal from a conviction for manslaughter, error was assigned that the prosecution was permitted to introduce in evidence the testimony given by a witness at a former trial of the same case, the witness having left the state and being beyond the process of the court.   In the Nelson case, as in the case at bar, it was claimed by appellant that it was a denial of the constitutional right of the accused to meet the witness face to face.   It was held that the constitutional provision had been complied with, the accused having already been confronted with the absent witness at a former trial of the case.   Many cases were cited in support of the views therein expressed.   It was stated that the rule should be the same whether the absent witness be dead or beyond the jurisdiction

of the court. It is sought, however, to distinguish the Nelson case from the case at bar in that the testimony of the absent witness in the former case, and in the cases therein cited with approval, was preserved in the official stenographer's notes, or otherwise, and referred to, or used, while in the case at bar the testimony of the absent witness was offered only through the medium of the recollection of the witness Beekman, whose recollection the appellant claims was faulty.

It appears from the record that the state used the best means at its command to obtain the testimony of the absent witness. The witness Beekman, in the presence of appellant, testified that he remembered the substance of the testimony of the absent witness, and proceeded to state it. He was subjected to a rigid cross-examination by counsel for appellant. The correctness of his recollection might have been disputed. The credibility of the witness Beekman, and the weight to be given his testimony, was a question for the jury. The fact that the testimony of the absent witness was not preserved in writing, but was produced only from the recollection of the witness Beekman, unsupported by notes to refresh his recollection, does not distinguish the case at bar from the Nelson case. It being conceded that the constitutional provision had been complied with when the accused met the witness face to face on the former trial, which is the effect of the Nelson case, the competency of the testimony is then governed by the rules for the admission of evidence in civil cases. The use of stenographic notes is not necessary. It is sufficient if the substance of the testimony of the deceased or absent witness be given by one who heard it. (*The State v. Fitzgerald*, 63 Iowa, 268, 19 N. W. 202; *Summons v. The State*, 5 Ohio St.

The State v. Harmon.

325 ; *State of Iowa v. Mushrush*, 97 Iowa, 444, 66 N.
W. 746 ; *State v. O'Brien*, 81 Iowa, 88, 46 N. W. 752 ;
*Rivereau v. St. Ament*, 3 G. Greene, 118 ; *The State v.
Able*, 65 Mo. 357 ; *State v. Jones*, 29 S. C. 201, 7 S. E.
296 ; *State v. Hooker*, 17 Vt. 658 ; *Marler v. State*, 67
Ala. 55, 42 Am. Rep. 95 ; *Ruch v. Rock Island*, 97 U.
S. 693, 24 L. Ed. 1101.)

It appears from the record that the appellant was
arrested on the same day on which the complaint was
made and the warrant issued. The warrant, in ad-
dition to commanding the officer to arrest appellant,
directed him to seize and keep all gambling devices
found. This the officer did. Upon the trial of the
case, over the objection of appellant, witnesses were
permitted to state and describe what gambling de-
vices were found in appellant's possession, at the
time of his arrest, in the place described in the infor-
mation. The appellant claims that this testimony
tended to establish his guilt of an offense occurring
after the complaint and warrant had issued, and was
not competent evidence to establish the specific of-
fense with which he was charged.

Upon that feature of the case the court instructed
the jury, in substance, that this evidence had been
admitted only for the purpose of showing that the
property in question was in the possession of appel-
lant, and that it should not be considered for any
other purpose ; that appellant could not be convicted
upon any evidence tending to show that he was the
keeper or owner of the place, or that the place de-
scribed in the information was a gaming-house, after
the time of the issuing of the warrant. The giving
of this instruction is assigned as error. If it might
be said that to admit the testimony complained of
was error, clearly it was not prejudicial to the appel-

lant, when considered and applied by the jury as directed in the instruction. The instruction given cured the error, if any, in the admission of the testimony. The court committed no error in giving the instruction.

The state challenged the sufficiency of the record. The record discloses the fact that the appellant asked, and was given, time to prepare and present a case-made for the supreme court instead of a bill of exceptions. However, a bill of exceptions, and not a case-made, was prepared and presented within the time given. The bill of exceptions presented was by the trial judge allowed and signed as a bill of exceptions within the specified time. The term "case-made," as used in the first instance, was evidently a clerical error, and should be disregarded, the proceedings on appeal having been regular and upon a proper bill of exceptions.

No error being found in the record, the judgment is affirmed.

All the Justices concurring.