No. 21,198.

THE STATE OF KANSAS, *Appellee,* v. ED KING, *Appellant,* et al.

### SYLLABUS BY THE COURT.

1. WITNESS — *Improper Impeaching Questions on Cross-examination.* The credibility of a witness may be impeached on cross-examination by showing that he has previously made statements inconsistent with or contradictory to his evidence given on the trial; but it is not reversible error to exclude previous explanation of prior contradictory statements, when that explanation is not contradictory to or inconsistent with his evidence on the trial.

2. ROBBERY—*Using Automobile—Competent Opinion Evidence.* Where the evidence tends to show that a robbery was committed in a store by four persons who came in an automobile, two of whom remained in the automobile in front of the store, while the other two committed the robbery, evidence may be introduced to show that those who afterward sat in an automobile in front of the store, under conditions similar to those existing at the time of the robbery, could see into the store to the place where the robbery was committed.

3. SAME—*Trial—Photograph Competent Evidence.* A photograph of one charged with the commission of a crime may be introduced in

evidence for the purpose of corroborating a witness who identifies the one charged, and the fact that it was found in a rogue's gallery does not render the photograph incompetent.

4. SAME—*Statements of Defendant on Former Trial—Competent.* The testimony of a defendant in a criminal action, given on a former or another trial, may be introduced in evidence against him.

5. SAME. The evidence has been examined and it is held that it was sufficient to sustain the verdict, and that the verdict was not contrary to law nor to the evidence.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed December 8, 1917. Affirmed.

*J. R. Charlton,* and *H. C. Farrell,* both of Bartlesville, Okla., for the appellant.

*S. M. Brewster,* attorney-general, and *Don· H. Elleman,* county attorney, for the appellee; *F. W. Boss,* of Columbus, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: Ed King appeals from a judgment sentencing him to the penitentiary for robbery in the first degree. He was jointly charged with Floyd S. Buchan. Numerous errors concerning the admission and rejection of evidence are assigned.

1. The defendant insists that he was not permitted to cross-examine Walter Elder who was present at the robbery and who was one of the state's witnesses. Elder testified that one Tom Jarrett, another of the state's witnesses, who was also present at the robbery, was the first one approached and robbed. On cross-examination, Elder testified that on former trials he had testified that he was the first one approached and robbed. Other questions asked on cross-examination indicated that the witness had on another trial testified, in substance, that Jarrett was the first one approached and robbed, and that an explanation of his contradictory statements was then given by the witness. He was questioned concerning that explanation, and the testimony was excluded. The explanation given by the witness concerning the previous contradictory statements that had been made by him did not appear to be in contradiction of any statement made by him on the last trial in

the present action. It was permissible to permit the defendant to cross-examine the witness concerning contradictory statements that had been previously made by him on other trials. (*The State v. Baldwin,* 36 Kan. 1, 12 Pac. 318; 40 Cyc. 2687.) This rule does not permit the cross-examination of the witness concerning previous statements contradictory to each other, but not contradictory to his evidence on the trial. No reversible error was committed in restricting the cross-examination to statements previously made by the witness contradictory to or inconsistent with his testimony on the trial.

2. The state's evidence tended to show that the robbery had been committed by four men who went to a store in Melrose and robbed the store and a number of people in it; that two of the men went into the store and did the robbing, while the other two remained in the automobile in front; and that the four men left in the automobile immediately after the crime had been committed. Walter Elder testified that afterward he sat in an automobile in front of the store under the same conditions as existed on the night of the robbery; and that he could see back into the store to where the people were at the time of the robbery. The defendant complains of the admission of that evidence. It was admissible. (*Mo. Pac. Rly. Co. v. Moffatt,* 56 Kan. 667, 44 Pac. 607; *The State v. Asbell,* 57 Kan. 398, 46 Pac. 770.)

3. Tom Jarrett testified that he went to Tulsa, and there, at the police headquarters, out of a large number of photographs, identified one of the defendant Buchan; and that he identified Buchan as one of the men who had committed the robbery. The defendant complains of the admission of evidence concerning the photograph. The defense contended that Buchan was not in the store at the time the robbery was committed. The identity of Buchan was material. The evidence concerning the photograph corroborated Jarrett in his indentification of Buchan, and the admission of that evidence was not erroneous. (17 Cyc. 414; 6 Ency. of Ev. 931; 8 Ency. of Ev. 145.)

4. Complaint is made of the admission of the evidence of defendant King given on a former trial. He did not testify on the trial which resulted in the judgment from which this appeal is taken. What he said on the former trial was competent

evidence against him, and could be testified to by any witness who heard it, or by the court reporter, reading from his notes taken at the time.    (*The State v. Miller,* 35 Kan. 328, 10 Pac. 865; *The State v. Rogers,* 56 Kan. 362, 43 Pac. 256; *The State v. Nelson,* 68 Kan. 566, 75 Pac. 505; *The State v. Harmon,* 70 Kan. 476, 78 Pac. 805; *The State v. McClellan,* 79 Kan. 11, 98 Pac. 209; *The State v. Stewart,* 85 Kan. 404, 116 Pac. 489; *New v. Smith,* 94 Kan. 6, 12, 145 Pac. 880; *The State v. Chadwell,* 94 Kan. 302, 146 Pac. 420; Gen. Stat. 1915, § 3003.)

5. The defendant insists that the verdict was contrary to the law and to the evidence, and was not sustained by the evidence, and to support his contention calls attention to the entire record on this appeal.   The entire record includes all the evidence.   It is impossible to detail that evidence in an opinion.  The manner and demeanor of the witnesses on the witness stand, their interest in the result of the trial, and the relation of the various parts of the evidence to each other cannot be described so as to convey an intelligent understanding of the evidence.   The evidence was sufficient to sustain the verdict, and that verdict was not contrary to law nor to the evidence.

There are a number of other complaints concerning the admission of evidence.   Each complaint has been examined. There is nothing in any of them that warrants a reversal of the judgment.   It will not satisfy the defendant, nor be of any benefit to others, for the court to discuss these complaints in detail.

The judgment is affirmed.