### UNITED STATES v. YATES.
### Civ. No. 14291.

United States District Court
S. D. California, C. D.
Sept. 3, 1952.

See also, D.C., 107 F.Supp. 412.

Walter S. Binns, U. S. Atty., Norman Neukom, Asst. U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Los Angeles, Cal., Lawrence K. Bailey, Sp. Asst. to Atty. Gen., for plaintiff.

Ben Margolis, Los Angeles, Cal., for defendant.

MATHES, District Judge.

While on trial under an indictment charging conspiracy, 18 U.S.C. § 371, to violate the Smith Act, 54 Stat. 670, 1940, 18 U.S.C. 1946 ed. § 10; id. 1948 ed. § 2385, defendant Oleta O'Connor Yates chose to take the witness stand in her own defense. Upon cross-examination she declined to answer certain questions, and repeatedly persisted in her refusal after being instructed by the court to answer.

The criminal trial was interrupted and a hearing had. 85 Tr. 11325–11354, 11367–11477. Upon this hearing counsel for the defense conceded that the questions which the defendant as witness blatantly refused to answer were properly put to her, and that "unquestionably this is exclusively within the court's sound discretion." See United States v. Toner, 3 Cir., 1949, 173 F. 2d 140, 144; Fed.Rules Crim.Proc. 52(a), 18 U.S.C.

By way of justification, to paraphrase the language of United States v. Gates, 2 Cir.,

1949, 176 F.2d 78, 80, the defendant vigorously urged that the court should establish a rule of public policy to protect her from the embarrassment of disclosing the identity of certain of her associates, and to protect them from fear of economic reprisals so that activities claimed to be of a political nature might be carried on in secret.

The defendant also attempted to justify her refusal upon the claimed moral dictum that a witness should not be compelled to be an "informer" or a "stool pigeon"; that a witness should be permitted in effect to testify as the witness might choose on direct examination, and then be permitted to decline answers on cross-examination upon the ground that the information called for was gained in confidence from friends or others and to compel disclosure would be unsportsmanlike.

Being of the opinion expressed in United States v. Gates, supra, 176 F.2d at page 80, that: "Such a rule would in effect transfer from the court to the witness the management of the trial with respect to the admission and exclusion of evidence, since it would enable the witness to determine what testimony to give and what to withhold"—I ordered the defendant committed "to the custody of the * * * Marshal for imprisonment * * * until such time as she * * * purge herself of the contempts by answering the questions ordered to be answered. * * *"

The criminal trial then proceeded, with the recalcitrant witness Yates continuing to testify and refusing to answer such questions as she chose not to answer. After both prosecution and defense had rested, the court—expressly declining to excuse defendant Yates as a witness in the case—submitted the issues of fact to the jury. The jury returned a verdict of guilty as to defendant Yates and others, a motion for a new trial was presented and denied. United States v. Schneiderman, D.C.S.D.Cal.1952, 106 F.Supp. 906, judgment was pronounced, and an appeal from the judgment in the criminal case has been taken and is still pending.

Defendant Yates now moves to be released from custody under the civil contempt charge, basing her motion upon the ground that since the criminal trial is at an end there is no longer any reason why she should be coerced to answer.

■ Where as at bar a witness is imprisoned for civil contempt, "imprisonment * * * is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. * * * to coerce the defendant to do the thing required by the order for the benefit of the complainant. If imprisoned, as aptly said In re Nevitt, [8 Cir.], 117 F. [448] 451, 'he carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do." Gompers v. Bucks Stove & Range Co., 1911, 221 U.S. 418, 442, 31 S. Ct. 492, 498, 55 L.Ed. 797.

■ This power to coerce performance of legal duty is equitable in character. Gompers v. Bucks Stove & Range Co., supra, 221 U.S. at page 441, 451, 31 S.Ct. 492, 55 L.Ed. 797; Bessette v. W. B. Conkey Co., 1904, 194 U.S. 324, 327–329, 24 S. Ct. 665, 48 L.Ed. 997; In re Chiles, 1874, 22 Wall. 157, 168–169, 89 U.S. 157, 168–169, 22 L.Ed. 819. It exists for an equitable purpose, and duration of the power in a given instance is co-extensive with existence of the purpose. Gompers v. Bucks Stove & Range Co., supra, 221 U. S. at page 451–452, 31 S.Ct. 492, 55 L.Ed. 797; In re Debs, 1895, 158 U.S. 564, 594–596, 15 S.Ct. 900, 39 L.Ed. 1092; Ex parte Kearney, 1822, 7 Wheat. 38, 45, 20 U.S. 38, 45, 5 L.Ed. 391; United States v. Hudson, 1812, 7 Cranch 32, 34, 11 U.S. 32, 34, 3 L.Ed. 259. That is to say, the power to imprison, in order to coerce an answer from a recalcitrant witness, endures so long as there remains reason to exercise the power in behalf of the litigant for whose benefit it is exerted. Harris v. Texas & Pacific Ry. Co., 7 Cir., 1952, 196 F.2d 88, 90; 3 Bl.Comm. *444–445; 4 id. *283–288.

Hence, if the litigation in the criminal case as between the United States and defendant Yates were now at an end, the pending questions would of course be moot, and the reason for or object of

coercive incarceration would have ceased to exist. United States v. United Mine Workers, 1947, 330 U.S. 258, 295, 67 S.Ct. 677, 91 L.Ed. 884; Gompers v. Bucks Stove & Range Co., supra, 221 U.S. at pages 441–442, 451–452, 31 S.Ct. 492, 55 L.Ed. 797; United States v. International Union, 88 U.S.App.D.C. 341, 190 F.2d 865, 873–874; Parker v. United States, 1 Cir., 1946, 153 F.2d 66, 71, 163 A.L.R. 379.

The defendant, urging that the court misapply the rule and thus shorten the time, advances the argument that termination of the trial—rather than termination of the litigation—marks an end to the value or usefulness of the testimony of a witness. In support of this contention the defendant cites cases in which the courts have declared that after discharge of a grand jury, Howard v. United States, 8 Cir., 1950, 182 F.2d 908, 914, reversed on other grounds, 1950, 340 U.S. 898, 71 S.Ct. 278, 95 L.Ed. 651; Loubriel v. United States, 2d Cir., 1926, 9 F.2d 807, 809; United States v. Collins, D.C.1906, 146 F. 553, 554, or after adjournment of a legislature, Marshall v. Gordon, 1917, 243 U.S. 521, 542, 37 S.Ct. 448, 61 L.Ed. 881, there is no power to hold a witness in civil contempt of their authority.

But the analogy of a grand jury or legislature does not apply at bar. With respect to the latter, as the Court observed in Anderson v. Dunn, 1821, 6 Wheat. 204, 231, 19 U.S. *204, *231, 5 L.Ed. 242, "although the legislative power continues perpetual, the legislative body ceases to exist on the moment of its adjournment. * * * It follows that imprisonment [for civil contempt of that body] must terminate with that adjournment."

Likewise with respect to a grand jury. As Judge Learned Hand said in Loubriel v. United States, supra, 9 F.2d at page 809: "Each investigation is separate and independent; it terminates with the grand jury which undertakes it, and the next does not take it up as unfinished business."

■ While one phase of the case of the United States against defendant Yates —a jury trial resulting in a verdict of guilty—is over, there still remains the pending appeal to the Court of Appeals,

and possibly to the Supreme Court; and since the Court of Appeals has held "it appears that the case involves a substantial question which should be determined by the appellate court", Fed.Rules Crim.Proc. 46(a) (2); Order in Yates v. United States, 9 Cir., August 29, 1952, No. 13527, both the trial court and the United States must proceed here upon the assumption that either the Court of Appeals or the Supreme Court may order a new trial. 28 U.S.C. § 2106.

If a new trial of the criminal case against the defendant Yates should be ordered, answers to the pending questions may become of great importance to the plaintiff for impeachment purposes, in the event defendant Yates should again choose to take the stand.

■ On the other hand, if defendant Yates should not elect again to take the stand, her entire testimony at the first trial might then be read to the jury by the plaintiff, either as admissions by the defendant, 2 Wharton, Criminal Evidence, § 679 (11th ed. 1935); see Jackson v. State, 1925, 29 Okl.Cr. 429, 234 P. 228, 229; West v. State, 1922, 24 Ariz. 237, 208 P. 412, 416; People v. Thourwald, 1920, 46 Cal. App. 261, 189 P. 124, 126–127; State v. King, 1917, 102 Kan. 155, 169 P. 557, 558, or under the reported-testimony exception to the hearsay rule. See Mattox v. United States, 1895, 156 U.S. 237, 240–244, 15 S.Ct. 337, 39 L.Ed. 409; Smith v. United States, 4 Cir., 1939, 106 F.2d 726, 728; American Law Institute, Model Code of Evidence, Rule 511 (1942).

■ The defendant's testimony at the first trial being voluntarily given, no claim of privilege against self-incrimination as to such reported testimony could be raised. Caminetti v. United States, 1917, 242 U.S. 470, 493–495, 37 S.Ct. 192, 61 L.Ed. 442; United States v. Gates, supra, 176 F.2d at page 79; see Johnson v. United States, 1943, 318 U.S. 189, 196, 63 S.Ct. 549, 87 L.Ed. 704; cf. Raffel v. United States, 1926, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054.

Thus it is clear that the answers now sought to be coerced from defendant Yates qua witness have undeterminable potential value to the plaintiff in the criminal case

412

now pending on appeal. And it is equally clear that this potential value—as yet withheld because of the contumacious conduct of the witness—will continue to exist so long as the criminal case of the United States against Yates continues in the status of pending litigation.

█ Since the purpose of coercive imprisonment of a recalcitrant witness for civil contempt is aid to the litigant entitled to have the withheld information for the purposes of the pending case, Penfield v. S. E. C., 1947, 330 U.S. 585, 592, 67 S.Ct. 918, 91 L.Ed. 1117; McCrone v. United States, 1939, 307 U.S. 61, 64, 59 S.Ct. 685, 83 L.Ed. 1108, and since it appears beyond dispute that the United States is entitled to the answers of defendant Yates for the purposes of the criminal case in the event another trial should be ordered, it must be held here that the object of coercive incarceration continues to exist, and with it the power of the court "to coerce the defendant to do the thing required by the order for the benefit of the complainant." Gompers v. Bucks Stove & Range Co., supra, 221 U.S. at page 442, 31 S.Ct. at page 498.

Both reason and policy argue this result. The imprisonment of defendant Yates, in the language of In re Nevitt, 8 Cir., 1902, 117 F. 448, 461, means nothing more than " 'commitment until the party shall make proper submission.' "

As was there said: " 'The law will not bargain with anybody to let its courts be defied for a specific term of imprisonment. There are many persons who would gladly purchase the honors of martyrdom in a popular cause at almost any given price, while others are deterred by a mere show of punishment. Each is detained until he finds himself willing to conform. This is merciful to the submissive, and not too severe upon the refractory. The petitioner, therefore, carries the key of his prison in his own pocket. He can come out, when he will * * *.' "

Accordingly defendant Yates' motion to be released from custody for civil contempt must be and is hereby denied.