No. 19,518.

THE STATE OF KANSAS, *Appellee*, v. ANDY CHADWELL,
*Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Self-defense—Instructions.* The law of self-defense was correctly stated in the instructions.

2. NEW TRIAL—*Affidavit—Perjury—No Error in Denying Motion.* A motion for a new trial is properly denied, which sets up the affidavit of a witness contradicting his evidence on a material point given on the trial, when it is not shown that the defendant did not have a fair opportunity to rebut the evidence at the trial, and when it does appear that other witnesses testified on the trial corroborating the evidence of the witness making the affidavit, as given on the trial.

3. EVIDENCE—*Absent Witness—Testimony Given at Preliminary Examination Admissible.* When the state has made every reasonable effort to procure the attendance of a witness, and is unable to do so, the testimony of such witness, given at the preliminary examination, may be introduced at the trial.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed February 6, 1915. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*John S. Dawson,* attorney-general, and *O. P. Fuller,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The appellant, Andy Chadwell, was charged and convicted of shooting and wounding Emmett Tayiah with a Winchester rifle, under such circumstances as would constitute manslaughter if the death of Tayiah had ensued. Chadwell appeals and complains that the court misdirected the jury as to the law of the case; that the court erred in admitting evidence on the part of the state; that the court erred in refusing relief to the appellant after it was disclosed that the verdict was obtained by perjury.

*First.* The instructions complained of concern the law of self-defense. They do not in any way conflict with the law of self-defense as given in *The State v. Reed,* 53 Kan. 767, 37 Pac. 174, and in *The State v. Petteys,* 65 Kan. 625, 627, 70 Pac. 588, both cases being cited by appellant in support of his contention.

*Second.* The evidence complained of is that of Pearl Ballieu. Her testimony, taken at the preliminary examination, was read to the jury. The appellant claims that there was not sufficient foundation laid for the introduction of this evidence. The appellant does not attempt to abstract the evidence on this question. The state has abstracted this evidence. This abstract shows that several days previous to the trial subpœnas were issued for witnesses, including the witness Pearl Ballieu, whose home had for many years been at Arkansas City, in Cowley county. This subpœna was placed in the hands of the sheriff, and a deputy sheriff, Mr. Day, attempted to serve the same. He went to the home of Pearl Ballieu, made inquiry there, and was unable to locate her. He inquired of a number of people in Arkansas City, of the police, the deputy sheriff, and failed to locate her. The subpœna was left in Arkansas City with another deputy sheriff, who made inquiry and search for the witness. For several days prior to the trial this witness continually absented herself frcm her home, and her mother, of whom inquiry was made, knew nothing of her whereabouts. The deputy county attorney made an effort to locate the witness by inquiry, and was unable to do so. The chief of police of Arkansas City, the sheriff of the county, the deputy sheriff at Arkansas City, and one of the constables of Arkansas City made every effort to locate the witness, but failed to do so. This was sufficient foundation for the introduction of the former testimony given by this witness. (*Gilmore v. Butts,* 61 Kan. 315, 318, 50 Pac. 645; *Railroad Co. v. Osborn,* 64 Kan. 187, 190, 67 Pac. 553; *The State v. Nelson,* 68 Kan. 566, 75 Pac. 505; *The State v. Har-*

*mon,* 70 Kan. 476, 78 Pac. 805; *The State v. McClellan,* 79 Kan. 11, 13, 98 Pac. 209; *The State v. Stewart,* 85 Kan. 404, 412-416, 116 Pac. 489.)

*Third.* The last contention is that the verdict was obtained by perjury. The motion for a new trial alleges, as its only ground, that the verdict was procured by false testimony, as was shown by the affidavit of Emmett Tayiah. This affidavit is as follows:

"That he was one of the witnesses in the above-entitled action for the State; that the truth and fact is that after he and the defendant, Andy Chadwell, had had a conversation over obtaining whisky, he returned to the buggy which was occupied by W. S. Asher and Pearl Ballieu, and taking his gun from the buggy, fired one shot in the direction of the said Andy Chadwell, and that after he had fired the shot, that said Andy Chadwell shot and hit this affiant in the shoulder, so help him God."

On the trial Tayiah had testified that he did not shoot. The court heard the evidence of Tayiah and all the other witnesses on the trial, and heard the evidence in support of this motion for a new trial, and denied the motion. The affidavit did not establish the fact that the evidence of this witness at the trial was false. Other witnesses testified concerning the shooting and corroborated the evdience of Tayiah given on the trial. In *The State v. Mounkes,* 91 Kan. 653, 138 Pac. 410, this court said:

"In a criminal action where it is shown on a motion for a new trial that false and perjured testimony, which the defendant had no fair opportunity to rebut at the trial, probably influenced the jury to find him guilty, it is the duty of the court to set the conviction aside and grant a new trial." (Syl.)

In the trial of Chadwell, Tayiah was subject to cross-examination. The circumstances surrounding the shooting were the principal points of controversy. The defendant had fair opportunity to rebut the evidence of Tayiah, and all other witnesses. The court had the right to consider the evidence introduced on

the trial in determining the truth of the affidavit given in support of the motion for a new trial. *The State v. Mounkes,* above cited, does not control in this case. If all verdicts are to be set aside when perjured testimony is given in their support, litigation will become endless. The jury found the defendant guilty on the evidence of a number of witnesses.

The judgment is affirmed.

DAWSON, J., not sitting.