## No. 36,910

THE STATE OF KANSAS, *Appellee*, v. DALE EASON, *Appellant.*

(186 P. 2d 269)

DEAN McELHENNY, judge. Opinion filed November 8, 1947.

*Hall Smith,* of Topeka, was on the briefs for the appellant.

*Edward F. Arn,* attorney general, *Warren W. Shaw,* county attorney, and *William L. Rees* and *Herbert A. Marshall,* assistant county attorneys, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action the defendant was charged in one count with procuring a female person for the purpose of prostitution to enter or remain in a house of prostitution or a place where prostitution, fornication or concubinage was practiced, and in count 2 with maintaining a house of prostitution. He was convicted on both counts and appeals.

Defendant first argues that the court erred in overruling his motion to quash the information and to compel the state to elect upon which charge it would try him.

The first ground of defendant's motion to quash the information was that the facts stated in count 1 did not constitute a public offense. The charging portion of the information reads as follows:

"Did unlawfully, feloniously and willfully, knowingly persuade, induce, entice or procure a female person, to-wit: (naming her), for the purpose of prostitution, fornication, or concubinage to enter or remain in a house of pros-

titution or a place where prostitution, fornication, or concubinage is practiced, permitted or allowed. : . ."

The statute upon which that count was based is G. S. 1935, 21-937. It reads, in part, as follows:

"Any person who shall knowingly persuade, induce, entice or procure . . . any female person, for the purpose of prostitution, fornication or concubinage to enter or remain in any house of prostitution, or any place where prostitution . . . . is practiced, permitted or allowed . . . shall be deemed guilty of a felony, and on conviction thereof shall be punished by confinement. . . ."

An information is good if it states the offense in the language of the statute. (See *State v. Seely*, 65 Kan. 185, 69 Pac. 163, and *State v. Rafferty*, 145 Kan. 795, 67 P. 2d 1111.)

Just how an information could be drawn than more clearly followed the words of the statute is difficult to see.

Count 2 reads, in part, as follows:

". . . did then and there unlawfully, feloniously and willfully keep and maintain . . . a house or other place of prostitution, fornication or concubinage or where the same is practiced, permitted or allowed, on premises owned or leased by him or under his control . . ."

The statute with which this court charges a violation is G. S. 1935, 21-938. That section provides, in part, as follows:

"Any person who shall keep or maintain, . . . a house or other place of prostitution, fornication or concubinage, . . . on premises owned or leased by him or under his control, . . . shall be punished by confinement . . ."

Clearly this count states a violation of that statute.

The next ground upon which the defendant argues the information should have been quashed is that it required the defendant to meet charges of committing two distinct felonies at the same time. The argument upon this ground should be considered in connection with that upon the motion to compel the state to elect, that is, that the information was bad on account of duplicity because the information charged two distinct felonies based on the same transaction.

As has been seen, one count charged the defendant with procuring a female person to remain in a house of prostitution and the other charged him with maintaining a house of prostitution.

Next, the defendant filed a motion to compel the state to make an election between counts 1 and 2 by a withdrawal of one of the counts for the reason that the information is bad for duplicity and the two counts charge separate and distinct felonies.

The defendant's argument on this point is that by charging the defendant in two counts with two separate offenses the jury was given the impression that generally he was a bad man and was guilty of either one or both of the offenses charged.

It is well settled that a defendant may be charged with several separate and distinct felonies on separate counts of an information when they are of the same general character and require the same mode of trial and the same kind of evidence.

This rule was well illustrated by what this court said in *State v. Thompson*, 139 Kan. 59, 29 P. 2d 1101. There two defendants had been convicted in one count with rape of a woman and in another with robbery of a man of an automobile. In holding that these two crimes might be charged in separate counts of the same information we said:

"The reason for separate charges and separate trials fails when the acts constituting the crimes are linked together in a series in such manner they constitute one comprehensive transaction, and this is true whether or not the crimes are of the same general nature. To illustrate: A man breaks and enters a dwelling house in the nighttime with felonious intent, and so commits burglary. He steals a large sum of money and much valuable jewelry, and so commits grand larceny. He ravishes a woman in the house. On being discovered in the house, he kills a man, and so commits murder. To conceal his crimes, he sets fire to the house, which burns, and he thus commits arson. These exhibitions of conduct are so concatenated in time, place and circumstance, they constitute one composite event. The various felonies are separate, not in relation to each other, but only in definition in the statute book, and there is no reason why they should not be joined in separate counts of one information." (p. 62.)

See *State v. Zimmerman*, 47 Kan. 242, 27 Pac. 999; *In re White, Petitioner*, 50 Kan. 299, 32 Pac. 36; *State v. Bussey*, 58 Kan. 679, 50 Pac. 891; and *State v. Young et al.*, 70 Kan. 900, 79 Pac. 1133.

Defendant also argues that the offense charged in count 2 involved some of the same vital incriminating elements as the offense charged in the first count and, therefore, the court should have ordered the state to elect as to whether it would proceed to try him on the first or second one. The burden of this argument is that a defendant cannot be tried in the same information for procuring a woman to remain in or to enter a house of prostitution in one count and for maintaining a house of prostitution in still another count where the same house is involved in each count. Stated another way, the defendant argues that when he was charged with maintaining a house of prostitution at a named address he could not also be

charged in another count with procuring a female person to remain in that same house of prostitution, or conversely when he is charged with procuring a female person to remain in a house of prostitution at a named address he may not be also charged with maintaining that house of prostitution.

We last dealt with an analogous question in *Wiebe v. Hudspeth,* 163 Kan. 35, 180 P. 2d 315. There the petitioner had been charged with rape and incest, the same female person being concerned in each offense. We held such was proper. We cited *State v. Odle,* 121 Kan. 284, 246 Pac. 1003, and quoted from it as follows:

"It is largely a question of procedure, a matter of resting in the sound judicial discretion of the trial court, whether or not the rights of a defendant will be prejudiced by the trial of the several charges at one time. In the instant case no showing is made that the defendant was prejudiced in any manner by the joinder of the two counts. In *State v. Goodwin,* 33 Kan. 538, 6 Pac. 899, it was held that two distinct and separate felonies—one, taking a female under the age of eighteen years for the purpose of prostitution, and the other, taking the same female for the purpose of concubinage—could be joined in one information in separate counts. (See, also, *State v. Fisher,* 37 Kan. 404, 15 Pac. 606; *State v. Bussey,* 58 Kan. 679, 50 Pac. 891; *State v. Warner,* 60 Kan. 94, 55 Pac. 342; *State v. Bell,* 107 Kan. 707, 193 Pac. 373; *State v. John Handrub,* 113 Kan. 12, 213 Pac. 827; *State v. Saindon,* 117 Kan. 122, 230 Pac. 301; *State v. Hamilton,* 119 Kan. 564, 240 Pac. 416; *State v. Miner,* 120 Kan. 187, 243 Pac. 318.)" (p. 286.)

In this case defendant might very well have been proven guilty on the second count and not on the first or vice versa. The trial court committed no error in overruling defendant's motion to compel the state to elect.

Defendant next argues that the trial court erred in overruling his motion for a bill of particulars. A motion for a bill of particulars is generally addressed to the discretion of the trial court. See *State v. Miller,* 90 Kan. 230, 133 Pac. 878; also *State v. Gordon,* 146 Kan. 41, 68 P. 2d 635.

In this motion defendant asked first that as to the first count the state be ordered to state the exact place at which the crime was committed, together with the date and the approximate hour. The information did state the address in Topeka where the house of prostitution was located and that the offense was committed on a date stated. Just how defendant was prejudiced by not having more information on this point does not appear.

The motion next asked that the state be compelled to state the name and address of every person present at the time of the com-

mission of the offense. It does not necessarily follow that anybody was present at the time the offense was committed. Furthermore, at the time this motion was filed the preliminary hearing had been held, at which the female person with whom the crime was alleged to have been committed had testified. Defendant and counsel had heard this testimony as well as the testimony of other witnesses upon whom the state relies.

Next, defendant in this motion asked that the state be compelled to state the manner or means by which defendant procured the girl to remain in the house of prostitution and where the prostitution, fornication or concubinage was practiced at the given address.

As to the means used by defendant, it was not an abuse of discretion of the trial court to refuse to order the state to set this out, especially in view of the fact that the defendant was in possession of the evidence proposed to be used by the state as to all of the facts, that is, the telephone conversations, talks with defendant, talks with a taxi driver and the payment of money to the girl in the case and various acts of sexual intercourse. As to the place in the house where the act was practiced, the same may be said.

The same arguments apply to the motion for the bill of particulars as to the second count.

Defendant next argues that his motion to discharge at the conclusion of the state's evidence should have been sustained. His argument in this connection is that nowhere in the evidence of the state was there any evidence that the appellant detained a female person for the purpose of prostitution, fornication or concubinage in a house of prostitution.

In the first place, the defendant makes his argument but neglected to bring the evidence here. As far as the abstract of the appellant is concerned, we do not have the evidence upon which the state relied. The state supplied that lack, however, in its counter abstract.

It would add but little to this opinion to set it out in detail. It need only be said that the elements are here and were established by the state if the jury believed the testimony of the state's witnesses, which it had a right to do. There is evidence that a fifteen-year-old girl called a taxi driver, who took her to the home of defendant, which is alleged to have been a house of prostitution; that he took her in at the back door; that there was a conversation between defendant and the girl in which the defendant suggested to

her she work for him in the capacity of a prostitute; that she gave defendant her address and telephone number and left; that the next evening the defendant called the girl at her home but did not succeed in getting her, but that evening she went to the home of defendant with the same taxi driver between the hours of eight and ten; that there she met another girl; that two men entered the place and defendant said: "Boys, we have anything you want—food, music, whisky, and here are our women"; that at this time he pointed to the two girls; that they went upstairs to the second floor and performed acts of sexual intercourse with the men in question and that the girl with whom we are concerned received eight dollars and gave two of them to the wife of appellant and retained the six dollars; that she stayed there until three or four o'clock the next morning; that the following Saturday defendant again called the home of the girl in question but she was not there; that that same night she went with the same taxi driver to the home of defendant and again performed sexual intercourse with men who were there, for which she was paid ten dollars; that she gave defendant three dollars and kept seven.

The crime with which defendant is charged may be proven by circumstantial evidence just as any other crime may be proven. This story has all the earmarks of a bawdy-house case. The state did not have to prove that the defendant locked the door or used physical force to compel the girl in question to remain in the house. "Procure" is a broad word. It means to bring about or to cause to happen. (See *State v. Rieman*, 118 Kan. 577, 235 Pac. 1050.)

Defendant next argues that the court erred in overruling his motion in arrest of judgment after the jury had returned its verdict. We see no reason in this record as to why this motion should have been allowed and defendant does not offer any.

Defendant next argues that the court erred in instructions given the jury. This is instruction No. 9. It was as follows:

"Each Count of the Information charges a separate and distinct offense from the offense charged in the other Count, and in determining the guilt or innocence of the defendant on each of these counts you must treat and consider it separately from the offense charged in the other count, and if the evidence warrants you may find the defendant guilty upon both counts, guilty upon one count and not guilty upon the other count, or not guilty upon both counts."

The argument on this point is substantially the same as that made on the motion to elect. It is not good.

Defendant next argues that the trial court erred in the admission of testimony. When the case came on to be tried in the district court it appeared that the girl upon whose testimony the state relied was not present. Counsel for the state then advised the court that a subpoena had been issued for her; that the sheriff had obtained residence service upon her; that her testimony had been taken at the preliminary hearing of defendant. Counsel thereupon moved that the transcript of evidence of the girl taken at the preliminary hearing be admitted in evidence for the reason that she was absent and could not be found after due and diligent search by the proper authorities. In the absence of the jury the father of the girl was called and testified that she had left home and he was unable to state where she was. Her mother testified to the same effect. The sheriff testified he had made a diligent search and could not locate her and that he had asked the highway patrol and state police department and also the radio station and some deputies to try to find her. Therefore, the court took the question of the admission of the transcript under advisement as well as two objections of the defendant to some particulars of the transcript.

The next day the court announced that it had overruled the objections except as to one question and answer and that the transcript might be read. Thereupon the evidence of the officers and the father and mother of the girl were read to the jury and after that the transcript of the girl's testimony was read.

The first argument of defendant upon this point is that the court should not have permitted the transcript to be read because the proper foundation for the introduction of it was not laid and that the evidence offered in that respect did not show that due diligence had been used.

If there ever was a case where due diligence was used and the impossibility of procuring evidence and the presence of a witness was shown this case appears to be one. In *State v. Burton,* 101 Kan. 62, 165 Pac. 847, we said:

"Testimony given at the preliminary examination by a witness who was not present at the trial was read to the jury. It is said the testimony was improperly admitted because the state did not show that the witness was beyond the jurisdiction of the court and did not show reasonable diligence to procure the attendance of the witness. It was sufficient for the state to prove that the whereabouts of the witness was unknown and could not be ascertained after diligent search. (*The State v. Stewart,* 85 Kan. 404, 116 Pac. 489; *The State v. Chadwell,* 94 Kan. 302, 146 Pac. 420.) The implied finding of the trial court

that due diligence had been used to discover and produce the witness is approved." (p. 62.)

See, also, *State v. Miller*, 112 Kan. 121, 210 Pac. 349.

The court did not err in this ruling.

Defendant also argues that the court erred in permitting the testimony of the witnesses who had testified as to the inability of the state to find the girl to be read to the jury. On this point it is doubtful whether this testimony should have been read to the jury. However, the evidence was submitted to the trial court in the first place in the absence of the jury. Furthermore, counsel for defendant does not appear to have objected to the evidence of the witnesses being read to the jury.

The judgment of the trial court is affirmed.