No. 38,605

State of Kansas, *Appellee*, v. Elmer Streeter, *Appellant*.

(245 P. 2d 1177)

Opinion filed July 3, 1952.

*James H. Bradley*, of Olathe, and *Charles Rooney*, of Topeka, were on the briefs for the appellant.

*Harold R. Fatzer*, attorney general, *Paul E. Wilson*, assistant attorney general, *John Anderson, Jr.*, county attorney, and *George A. Lowe* and *Earl E. O'Connor*, assistant county attorneys, were on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: Defendant was convicted and sentenced in the district court on two counts of an attempt to commit the crime against nature contrary to the provisions of G. S. 1949, 21-101 as it relates to G. S. 1949, 21-907. No useful purpose can be served by relating the evidence in this case nor is it necessary in a determination of the issues raised on appeal. Defendant first asserts that the trial court erred in admitting certain testimony. On the day of the trial, the state was permitted over the objections of defendant to read the transcript of testimony of certain witnesses given at the preliminary examination for the offenses upon which the defendant was being tried. The basis for admission of this testimony was that the witnesses could not be served with subpoena process and were outside the jurisdiction of the trial court; that a subpoena had previously been issued to the witnesses at their address at a trailer camp, Trailer Lake Park, Kansas, is admitted. Prior to the offer of this testimony, the state placed on the witness stand the deputy sheriff, who testified that he attempted to serve subpoenas on these witnesses on September 7, 1951, five days before trial of the action on September 12, 1951; that he went to Trailer Lake, a trailer camp, where these witnesses were living at the time of the preliminary

hearing, but he was unable to serve them. He was advised by the manager of the camp that these people had moved out of the state, some of them to California. He was unable to serve any of the people whose names appeared on the subpoena.

Defendant contends this showing is not sufficient to show that due diligence was used to serve the witnesses and relies on *State v. McClellan*, 79 Kan. 11, 98 Pac. 209, for his authority. In the McClellan case, the only foundation for the introduction of the testimony of a witness given at the preliminary hearing was the production by the county attorney of a subpoena which had been issued for the witness showing a return by the sheriff of *non est*. On this showing alone, the evidence was read to the jury. We held in that case that such a showing was insufficient to meet the requirements of due diligence.

We do not have here, as in the McClellan case, the simple return of a subpoena *non est* as a basis for offer of testimony previously given. In the instant case, testimony was offered to show an attempt to get service of the subpoena and that the witnesses could not be found within the jurisdiction of the court. We are of the opinion that this evidence was sufficient on the part of the state to prove that the whereabouts of the witnesses was unknown and could not be ascertained after diligent search. And on all the evidence presented, we have the implied finding of the trial court that due diligence had been used to discover and produce those witnesses. When the trial court is satisfied from the evidence that the State has made every reasonable effort to procure the attendance of a witness and is unable to do so, it is not error for the court to admit on the trial of the action the testimony of such witness given at a preliminary examination. (*State v. Chadwell*, 94 Kan. 302, 146 Pac. 420; *State v. Burton*, 101 Kan. 62, 165 Pac. 847; *State v. Eason*, 163 Kan. 763, 186 P. 2d 269.)

Defendant next contends the trial court erred in rejecting his requested instructions concerning admissions by defendant and accomplice testimony. He concedes that the testimony of the accomplice without corroboration is sufficient to convict in a criminal action, but contends the trial court erred in failing to instruct the jury as requested on the weight to be given and credibility of such testimony. On an examination of the inadequate record and briefs furnished by the parties in this case, we find the trial court gave to the jury at least eighteen separate instructions, none of which

are contained in the abstract, and only three are set forth in the state's brief. It is the duty of every appellant to abstract such portions of the record as are essential to an intelligent review of the particular issue or issues involved. Unless that is done, obviously this court is in no position to review the error assigned. In the instant case, we cannot tell whether the court erred in refusing to give certain requested instructions to the jury for the reason that the instructions given may have sufficiently covered the requests and they have not been brought to this court. It has been a rule of long standing in this court that where instructions given by the trial court to the jury are not brought to the appellate court, that court cannot determine whether the trial court erred in refusing to give certain instructions especially where, as in this case, the state contends the instructions given by the trial court, without objection, sufficiently covered defendant's requests. (*State v. Teissedre*, 30 Kan. 476, 2 Pac. 650; *State v. Murphy*, 145 Kan. 242, 243, 65 P. 2d 342; *State v. Leigh*, 166 Kan. 104, 109, 199 P. 2d 504; West's Kansas Digest, Criminal Law, Sec. 1122 [5])

It is next questioned that the trial court erred in admitting Exhibit 4, a short handwritten confession made by defendant. The State first offered in evidence Exhibit 4, to which the defendant interposed an objection, the grounds of which are not disclosed by the record, whereupon the county attorney asked permission of the court to lay a foundation for its admission outside the hearing of the jury. The court in the presence of the jury permitted the county attorney to place on the stand a Mr. Shaw, chief of detectives, who testified that prior to the defendant's making the written statement, he was advised of his rights and that he did not have to make a statement or writing, nor was he threatened or promised anything in any way. Defendant chose not to cross-examine the witness. Upon the showing that the statement was the free and voluntary act of the defendant, it was reoffered and admitted in evidence. The record does not disclose any further objections on the part of the defendant to the admission of such statement.

Defendant contends the trial court should have, in the absence of the jury, made an independent determination whether the confession was freely and voluntarily made without force or coercion being used, and invites our attention to *State v. Seward*, 163 Kan. 136, 181 P. 2d 478. However, that case does not support defendant's contention. There a purported confession claimed to have been

signed by defendant was admitted in evidence and handed to the jury over the objection of defendant. The trial court refused to consider, before overruling the objection, the question whether the confession was freely and voluntarily made without force or coercion, and we there held that it was the duty of the trial court, before admitting the confession, to hear evidence and decide as a preliminary matter whether the confession was freely and voluntarily made without force or coercion. Moreover, in that case the court failed to instruct the jury as to the manner in which such confession should be considered. In the instant case the defendant at no time testified at the trial of the action, and nowhere is it contended by defendant that the statement was not freely and voluntarily made, nor was the foundation laid by the state's witnesses attacked by defendant during the trial.

The question whether the confession had been freely and voluntarily made without force or coercion being used and without promises should have been, in the first instance, considered by the trial court in the absence of the jury and before it was offered to the jury. However, in view of what has been said and the record in this case, we cannot say that any prejudicial error was apparent. As heretofore related, the instructions given by the court are not included in the record, and we therefore must assume that the trial court performed its function required by law and properly instructed the jury in reference to admission of the confession and the weight to be given thereto by the jury, thereby fully protecting the rights of the accused. It has long been the rule of law in this court that where the record fails to show what action was taken by the trial court with reference to some particular matter in a proceeding, it will be presumed, in the absence of an affirmative showing to the contrary, that the action of the court was regular and in accordance with the law. (*Rothman v. Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981; *In re Wright*, 74 Kan. 409, 89 Pac. 678.)

Defendant next contends the evidence was insufficient to prove the crime charged and error in overruling his motion for a directed verdict. We have carefully examined the record as presented and, without narrating the evidence here, we find that there was sufficient evidence to meet the proof required to sustain the verdict and judgment of the lower court.

The judgment is affirmed.