No. 40,319

STATE OF KANSAS, *Appellee,* v. ANTHONY BONSKOWSKI, *Appellant.*

(308 P. 2d 168)

Opinion filed March 9, 1957.

*A. B. Fletcher, Jr.,* of Junction City, argued the cause, and *C. L. Hoover* and *Robert A. Schermerhorn,* both of Junction City, were with him on the briefs for the appellant.

*Phillip L. Harris,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Defendant was charged, convicted and sentenced on two counts of persuading, inducing, enticing or procuring one Wanda Evelyn Long to go from one place to another within the State of Kansas for purposes of prostitution, contrary to the provisions of G. S. 1949, 21-937. In this appeal he charges that the trial court erred (1) in admitting illegal testimony, prejudicial to his rights, over his objections and (2) that the verdict of the jury was contrary to law.

It is neither necessary nor required that we burden our reports with all the sordid facts involved in this criminal prosecution and we do not propose to do so. For present purposes it suffices to say that except for the requirement of G. S. 1949, 21-937, providing that "no conviction shall be had on the uncorroborated testimony of the woman," the record discloses the evidence of the female involved in this case is ample to sustain and uphold the verdict and judgment. Therefore without further elaboration on

the factual picture we turn to issues raised by the appellant which relate solely to the admission and sufficiency of the corroborative evidence adduced by the State.

During the trial of the cause the State produced two witnesses to lay a foundation for the admission of testimony of Ronald T. Craig, a member of the armed forces, who is conceded to have been one of the triangle involved in the acts necessary to complete the involved offenses, taken at appellant's preliminary hearing before the judge of the county court of Geary County. The record discloses, and appellant admits, that at this hearing he and his attorney were present and that although he waived his preliminary examination the sworn testimony of Craig was perpetuated by the State at that time and included in the transcript of the proceeding by the official court reporter of the district court of Geary County. Under such circumstances we must assume appellant had full opportunity to meet this witness face to face and cross-examine him in connection with all matters to which he had testified.

The first of the two witnesses produced by the State, for purposes previously mentioned, was the Sheriff of Geary County who testified in substance that prior to the trial he had received a subpoena for Craig; that he knew he was a soldier and went to the Provost Marshal's office at Fort Riley and was there informed that Craig had gone to Europe; that there he had found an order transferring such individual for movement to USAR Europe, a true copy of which he procured and brought back with him; that he then returned the subpoena for Craig with the notation "not found in Geary County."

The second witness produced by the State was a Sergeant First Class, D. W. May, who testified that he was Chief Clerk of the Provost Marshal's Office; that he had made an investigation as to the whereabouts of Craig; that the military records at Fort Riley showed that such individual was shipped Gyroscope with his unit in October, 1955, that he obtained that information On Special Order that the Army had at Fort Riley at the Post Locator, Special Order No. 240, Paragraph 7; and that so far as his knowledge went Craig was not within the jurisdiction of the State of Kansas.

Following the foregoing testimony the State offered, and over the objection of appellant the trial court admitted, testimony of

Craig as given at the preliminary hearing. Appellant now contends, as he did in the court below, the introduction of that evidence was erroneous because no proper foundation had been laid for its admission by the State.

In the argument respecting the claim now under consideration no attempt is made to avoid or challenge the long established rules of this jurisdiction (1) that when the State has made every reasonable effort to procure the attendance of a witness, and is unable to do so, the testimony of such witness, given at the preliminary examination, may be introduced at the trial (*The State v. Chadwell,* 94 Kan. 302, 146 Pac. 420.); (2) that the requirements of Section 10 of the Bill of Rights of the Constitution of this State, providing that the accused shall be allowed to meet the witness face to face, have been complied with where a defendant has met the absent witness face to face at his preliminary hearing (*The State v. Harmon,* 70 Kan. 476, 78 Pac. 805.); or (3) that when the trial court is satisfied from the evidence adduced by the State that it has made every reasonable effort to procure the attendance of a witness and is unable to do so, it is not error for the court to admit on the trial of the action the testimony of a witness given at a preliminary examination (*State v. Streeter,* 173 Kan. 240, 241, 245 P. 2d 1177). Instead, appellant contends that the showing made under the previously related evidence did not warrant the trial court in concluding the State had "made every effort," within the meaning of that term as used in our decisions, to procure the evidence of the witness, Craig.

We think the question thus raised was determined by this court in *State v. Streeter,* supra, under facts and circumstances so similar as to leave no sound room for differentiating between that case and the one at bar. There the record discloses a subpoena was issued for absent witnesses and the deputy sheriff went out to serve them. Upon inquiry he was advised by the manager of a trailer camp that such witnesses had been living at his camp but that they had moved out of the State, some of them to California. Thereupon he certified that he was unable to serve any of the persons whose names appeared on the subpoena. Here the evidence shows a subpoena was issued for Craig who had been stationed at the army post at Fort Riley. The Sheriff went to Fort Riley but upon inquiry could not locate the witness. He then went to the Provost Marshal's Office to make further inquiry.

Upon reaching that office he was advised by the Chief Clerk, among other things, that the army records showed such witness had gone to Europe under orders. Based on such information the Sheriff returned the subpoena with a notation he had been unable to find Craig in Geary County. In this case, unlike the Streeter case, the State went further and produced the testimony of another witness, the Chief Clerk of the Provost Marshal's Office, who testified that he had made an investigation and that so far as his knowledge went the witness in question was not within the jurisdiction of the State of Kansas. In both cases, on the showings heretofore indicated, the trial court overruled objections to the admission of the absent witnesses testimony based on grounds of no proper foundation having been laid for the admission of such evidence. On appeal in the Streeter case we had no difficulty in concluding the trial court did not err in admitting the testimony of the witnesses given at a preliminary examination and adherence to what is there said and held requires a like decision in the instant case. Therefore we hold appellant's claim the trial court erred in permitting the State to introduce the evidence complained of lacks merit and cannot be upheld.

For other cases, somewhat different in facts and circumstances but nevertheless supporting the conclusion just announced respecting the admissibility of such evidence, see *State v. Eason,* 163 Kan. 763, 769, 186 P. 2d 269; *State v. McManis,* 129 Kan. 376, 378, 282 Pac. 588; *The State v. Miller,* 112 Kan. 121, 210 Pac. 349; *The State v. Burton,* 101 Kan. 62, 165 Pac. 847; *The State v. Gentry,* 86 Kan. 534, 121 Pac. 352; *The State v. Stewart,* 85 Kan. 404, 116 Pac. 489.

In *The State v. McClellan,* 79 Kan. 11, 98 Pac. 209, relied on by appellant as supporting a contrary conclusion, the trial court's action in admitting testimony of a witness given at a preliminary hearing, where the only showing made by the State as a foundation for its admission consisted of the return of a subpoena *non est,* was held to be erroneous. We have no quarrel with that decision. The trouble from appellant's standpoint is, that when viewed in the light of the showing here made, it is not to be regarded as a controlling precedent.

Finally appellant contends the convictions cannot be upheld because of the provisions of G. S. 1949, 21-937, providing that no conviction can be had on the uncorroborated testimony of the woman. The gist of all arguments advanced on this point is,

of course, as it must be, that there was no corroborative evidence to sustain Wanda's testimony. Here again, pausing to point out such evidence must be reviewed in the light of the well established rule that the corroboration required may be satisfied by evidentiary facts and circumstances (See *The State v. White,* 111 Kan. 196, 206 Pac. 903; *The State v. Rieman,* 118 Kan. 577, 235 Pac. 1050; *State v. Morrison,* 121 Kan. 844, 250 Pac. 333.), we do not intend to smirch our reports. Having reviewed the record it suffices to say it discloses that on each of the two dates in question appellant and Wanda were together at the commencement of the negotiations resulting in illicit relations with Craig; that on both occasions appellant furnished his own automobile and transported all parties participating in such relations to the point where they took place; and that he remained present while they occurred, having previously received from Wanda the monetary consideration Craig had paid her prior to their occurrence. Based on this, to say nothing of other testimony not here related, we have no difficulty in concluding the corroborative evidence was sufficient to sustain the convictions.

The judgment is affirmed.