No. 41,858

STATE OF KANSAS, *Appellee,* v. THOMAS PAUL TYLER, *Appellant.*

(353 P. 2d 801)

Opinion filed July 2, 1960.

*W. C. Jones,* of Olathe, argued the cause, and *Howard E. Payne* and *Howard T. Payne,* both of Olathe, were with him on the briefs for the appellant.

*John J. Gardner,* county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, and *Robert Hoffman,* assistant attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JACKSON, J.: In the court below, the appellant was convicted of stealing two sewing machines. He appeals his conviction and argues three propostions in his brief in this court.

We shall not follow the order of the assignments of error, but shall immediately turn to the important question raised by this appeal. Appellant complains that the transcript of a witness named Vancura, taken at the preliminary hearing, was allowed to be read to the jury without any real showing that the witness could not be produced at the trial of the case. The transcript was produced and read over the proper objection of appellant. Vancura had been manager of the store from which the alleged theft had occurred and was the only witness who testified that such theft had actually taken place. He was in reality the complaining witness.

The only basis for the introduction of the transcript of Vancura's testimony consisted of the testimony of witness Williams, a detective or deputy sheriff, who testified that some three days before the trial he had taken a subpoena for Vancura to the sewing machine store in Mission; that he was advised that Vancura no longer worked at the store; that he then went to an address in

Wyandotte county and found that Mr. Vancura did not live there any more. The witness further testified that he talked with neighbors and found that Mr. Vancura had moved to Miami, Oklahoma. The subpoena was then returned with endorsement "unable to locate."

Following this testimony of the deputy sheriff, the court allowed the state to read Vancura's testimony. In fact, at the time of the oral argument in this court, counsel quite frankly admitted that no attempt had been made to locate Vancura in Miami, Oklahoma, for the purpose of securing his voluntary appearance, and counsel had not taken the trouble to ascertain whether or not Oklahoma had adopted the Uniform Act to Secure Attendance of Witnesses from Without the State, see G. S. 1959 Supp., 62-2801 *et seq.*

It took this court only a few minutes to make its own investigation and to determine that Oklahoma has adopted the act, and that it may be found in Oklahoma Statutes Annot., title 22, § 721 *et seq.*

Attention is directed to the case of *State v. McClellan,* 79 Kan. 11, 98 Pac. 209, decided in 1908, long before the uniform act for the securing of witnesses from outside the state was thought of, and in which the first two paragraphs of the syllabus read as follows:

"Before the testimony of a witness given at a former trial can be read in evidence by the state against a defendant in a criminal prosecution, over his objection, it must be made to appear that the witness who gave such testimony can not, by the exercise of reasonable diligence, be produced.

"In such a case the mere production of a subpoena which has been issued for the absent witness, with a return of *non est* thereon, without any further showing as to the residence or whereabouts of such witness or of the extent of the search made for him, is insufficient, and the introduction of such evidence under such circumstances is error."

The question of the production of absent witnesses was carefully dealt with in the two recent decisions of this court in *State v. Brown,* 181 Kan. 375, syl. Nos. 6 and 7, 312 P. 2d 832; and *State v. Bean,* 181 Kan. 1044, 317 P. 2d 480. In the Brown case it was found that the showing was insufficient to allow the transcript of a preliminary hearing to be introduced. In the *Bean* case, this court held that the county attorney might arrange to pay the expenses of an absent witness from outside the state without invoking the uniform act. It may be further noted that the uniform act has been held not to violate the federal constitution in *New York v. O'Neill,* 359 U. S. 1, 3 L. Ed. 2d 585, 79 S. Ct. 564.

We may take judicial notice that it is perhaps a three-hour automobile ride from Miami, Oklahoma, to Olathe over excellent roads.

From the above-related facts, the court is of the opinion that the showing was entirely insufficient to allow the introduction of the transcript of testimony of the complaining witness in this case. It would appear that no real effort had been made to produce the witness. The provisions of section 10 of the Bill of Rights of the state constitution can not be watered down so easily.

Since it now appears that there will have to be a new trial in this case, the other matters argued in the brief of the appellant may not again arise, and the court will not extend this opinion by passing on academic questions.

The judgment of the trial court must be reversed with directions to grant appellant a new trial.

It is so ordered.