No. 43,414

STATE OF KANSAS, *Appellee,* v. JAMES A. GUTHRIE, *Appellant.*

(391 P. 2d 95)

Opinion filed April 11, 1964.

*Ernest McRae,* of Wichita, argued the cause and was on the brief for the appellant.

*Keith Sanborn,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Robert Hoffman,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the defendant in a criminal action wherein he was convicted on two counts of first degree robbery and subsequently sentenced to two consecutive forty-two year terms at the Kansas State Penitentiary.

The only question on appeal is whether the trial court erred in permitting the testimony of an officer given at a previous trial to be read in evidence.

The facts concerning the point here for review are not in dispute.

On April 16, 1962, the appellant was tried on the charges against him consisting of two counts of robbery in the first degree. After hearing the evidence the jury deliberated until April 18, 1962, when they were discharged after advising the court they were hopelessly deadlocked, and trial of the matter was reset.

During the trial of April 16th, the state called Detective Lieutenant Charles Prowse, who testified to the oral and written confessions of the appellant given during an interview with the appellant while in a jail at Kingman, Arizona. It was through this officer that certain exhibits and the written confession of the appellant were admitted in evidence.

Following the trial of April 16th a retrial was scheduled for April 23rd, after which it was rescheduled for April 30th. On April 27, 1962, the county attorney served upon counsel for the appellant a motion for a continuance or, in the alternative, a ruling by the trial court as to the admissibility of the transcript testimony of Detective Lieutenant Charles Prowse as an absent witness.

In support of the motion, which had been filed on April 27th, an affidavit was filed by the county attorney setting forth the fact that Lieutenant Prowse was absent from the state and could not be located; it further recited the fact that Lieutenant Prowse testified during the April 16th trial, and that his testimony was material to the prosecution of the case; and that Lieutenant Prowse would be in the city within a period of two or two and one-half weeks.

On April 30, 1962, at the hearing on the motion, counsel for the appellant refused to consent to a continuance or the reading of the testimony of Lieutenant Prowse given at the previous trial. The court set the trial to commence on May 2, 1962, thus permitting the county attorney to bring Alex R. Lindquist, an officer from Phoenix, Arizona, to the state of Kansas as a necessary witness. The court further ruled that it would admit the stenographic notes of the previous trial to be used as the deposition of Lieutenant Prowse in the trial of the matter.

At the trial of the matter on May 2, 1962, the reading of Lieutenant Prowse's testimony was admitted, and at each and every opportunity counsel for the appellant raised objection, thus squarely presenting the issue on appellate review.

After the appellant's arrest in the state of Arizona he made a written confession in his own handwriting, concerning the two

offenses with which he is charged, in the presence of Officer Lindquist of the Kingman, Arizona, police department and Officer Prowse associated with the Wichita police department. Both officers signed as witnesses to the written confession.

At the second trial of the appellant on May 2, 1962, Officer Lindquist testified as to the written confession of the appellant. The confession was admitted in evidence without objection by the appellant through Officer Lindquist's testimony. The loaded pistol was taken from beneath the driver's seat by Officer Lindquist from the stolen Texas automobile driven by the appellant at the time of his arrest in the state of Arizona. The appellant admitted to Officer Lindquist that he used the loaded pistol in the robberies in Wichita. Both the loaded pistol and evidence concerning the appellant's admission with respect thereto were admitted in evidence without objection by the appellant.

The victims in the two liquor store robberies in the city of Wichita with which the appellant is charged appeared in person at the trial to testify, and, in the course of their testimony, identified the appellant as the person who robbed them.

It may therefore be said the county attorney had fully established a *prima facie* case on behalf of the state without the written statement of Officer Prowse.

The question remains whether it was error for the trial court to admit the written testimony of Officer Prowse given at the previous trial.

Preliminary to a discussion of the issue presented, it may be said G. S. 1949, 60-2934, made applicable to criminal cases by G. S. 1949, 62-1414, was used by the county attorney in an effort to procure a continuance of the case. He fully complied with its provisions, but the trial court refused to grant a continuance, and the appellant refused to consent that on the trial the facts alleged in the affidavit could be read and treated as the deposition of the absent witness. Under these circumstances further consideration of the statute is immaterial to the issue presented.

The appellant contends he was denied his constitutional right to be confronted by the witness against him face to face.

Article 10 of the Bill of Rights of the Kansas Constitution provides: "In all prosecutions, the accused shall be allowed to . . . meet the witness face to face, . . ."

This point has been before the court on numerous occasions. The

question has arisen in many cases where the transcript of a preliminary hearing has been read and introduced at the time of trial.

The following was said in *State v. Bonskowski*, 180 Kan. 726, 308 P. 2d 168:

"In the argument respecting the claim now under consideration no attempt is made to avoid or challenge the long established rules of this jurisdiction (1) that when the State has made every reasonable effort to procure the attendance of a witness, and is unable to do so, the testimony of such witness, given at the preliminary examination, may be introduced at the trial (*The State v. Chadwell*, 94 Kan. 302, 146 Pac. 420.); (2) that the requirements of Section 10 of the Bill of Rights of the Constitution of this State, providing that the accused shall be allowed to meet the witness face to face, have been complied with where a defendant has met the absent witness face to face at his preliminary hearing (*The State v. Harmon*, 70 Kan. 476, 78 Pac. 805.); or (3) that when the trial court is satisfied from the evidence adduced by the State that it has made every reasonable effort to procure the attendance of a witness and is unable to do so, it is not error for the court to admit on the trial of the action the testimony of a witness given at a preliminary examination (*State v. Streeter*, 173 Kan. 240, 241, 245 P. 2d 1177). . . ." (p. 728.)

If the testimony of an absent witness given at a preliminary hearing may be introduced at the trial, *a fortiori*, the testimony of an absent witness given at a previous trial of the accused which resulted in a hung jury may be introduced at the trial, provided a proper foundation is established for its admission. Here the appellant, through counsel, had full opportunity to cross examine Officer Prowse at the previous trial where his testimony was recorded.

The limitation upon the right of the state to use the testimony of an absent witness given at a former trial is dependent upon the foundation laid for the admission of such testimony. Thus, in *State v. Brown*, 181 Kan. 375, 312 P. 2d 832, where the court was faced with the question of an absent witness, it was said:

"In the instant case it cannot be denied that the witness, Mrs. Ruth M. Brakey, was under oath or that the defendant had a right to cross-examine the witness at the preliminary hearing. What is of greater concern, however, is whether or not the testimony of the witness was available. This is dependent upon the foundation laid for the admission of such testimony at the trial of the defendant.

"It must be made to appear that the witness who gave such testimony at the former hearing cannot by the exercise of reasonable diligence be produced. . . ." (p. 391.)

The interpretation given the question before the court, both with respect to Section 10 of the Bill of Rights and 60-2934, *supra*, is well summed up in *State v. Tyler*, 187 Kan. 58, 353 P. 2d 801, where

*State v. McClellan,* 79 Kan. 11, 98 Pac. 209, Syl. ¶ 1, is quoted as follows:

"Before the testimony of a witness given at a former trial can be read in evidence by the state against a defendant in a criminal prosecution, over his objection, it must be made to appear that the witness who gave such testimony can not, by the exercise of reasonable diligence be produced." (p. 59.)

The query, therefore, is whether the state in the instant case has established a proper foundation for the admission of the transcript testimony of Officer Prowse. Cases in which the diligence rule has been applied to determine whether a proper foundation was laid by the state showing that the witness was unavailable are *State v. Hoggard,* 146 Kan. 1, 68 P. 2d 1092; and *State v. Eason,* 163 Kan. 763, 186 P. 2d 269.

In the instant case the only foundation laid by the state was in its motion served on defense counsel on the 27th day of April, 1962, fortified by an affidavit. This was ten days after the trial court had reset the trial date following dismissal of the jury which could not agree at the previous trial. The affidavit stated Officer Prowse was absent from the state and could not be located. Statements in argument to the court by the county attorney disclosed Officer Prowse was either in the state of California or Nevada, but that his exact location was unknown.

It is the appellant's contention that Officer Prowse was present when the case was reset for trial; that at the time in question Officer Prowse was a liaison officer between the Wichita police department and the county attorney's office, having an office in the Sedgwick County courthouse in quarters supplied by the county attorney, and whose responsibility it was to make certain witnesses were subpoenaed and present in all cases involving investigations conducted by the Wichita police department.

Counsel for the appellant, in making objection to the admission of written testimony of Officer Prowse, stated that after making two telephone calls during the noon recess he had been advised at each office location for Officer Prowse that he was on vacation.

The appellant sums up his argument by stating that the state, by its action in permitting one of its own liaison agents to go on vacation prior to the trial date, when it was known in advance that his testimony was most important, and the trial was less than a week away, cannot now claim that it practiced due diligence in securing the missing witness' attendance at the trial, or escaped this responsibility by following 60-2934, *supra,* in a criminal case.

The trial court concluded the county attorney had made a proper case for the admission of the written testimony of Officer Prowse at the hearing on the motion prior to trial, because it was established the officer was not within the jurisdiction and could not be located for the purpose of procuring his attendance at the trial. This is fortified by the statement of counsel for the appellant at the trial, which must be construed as an admission by the appellant, that Officer Prowse was on vacation.

In *State v. Nelson,* 68 Kan. 566, 75 Pac. 505, Syllabus ¶ 1 reads:

"The fact that a witness against the defendant in a criminal case is outside of the state at the time of the trial, and therefore beyond the reach of process, authorizes the introduction in evidence of the testimony given by the witness at a former trial of the same case, notwithstanding an opportunity to subpoena the witness may have been neglected by the prosecution. The requirement of the bill of rights that the accused shall be allowed to meet the witness face to face is complied with in that he has already at the former trial been confronted by the absent witness, and at the later trial meets the witness who gives evidence of what such former testimony was."

Upon all of the facts and circumstances presented to this court by the record on appellate review, it is held the trial court did not err in permitting the testimony of Officer Prowse given at the previous trial to be read in evidence.

The judgment of the lower court is affirmed.

FONTRON, J., not participating.

SCHROEDER, J., dissenting: In my opinion the state established no foundation whatever for the admission of the transcript testimony of Officer Prowse given at the previous trial of the appellant which resulted in a hung jury. The facts presented by the record herein are controlled by *State v. Brown,* 181 Kan. 375, 312 P. 2d 832; and *State v. Tyler,* 187 Kan. 58, 353 P. 2d 801.

The motion of the county attorney, supported by an affidavit, filed pursuant to G. S. 1949, 60-2934, was designed to procure either a continuance of the case so that Officer Prowse could be personally present to testify, or to get an admission from the accused that the facts stated in the affidavit could be read in evidence as the deposition of Officer Prowse. This motion was filed and argued by the parties several days before the trial. The motion failed to accomplish either of the purposes specified by the provisions of the statute —upon objection of the accused the trial court refused to grant a continuance, and the accused would not admit that the testimony

of Officer Prowse given at the previous trial could be read in evidence. Instead, the trial court ruled that the testimony of Officer Prowse given at the previous trial could be read in evidence on the trial of the case upon the trial court's conclusion that Officer Prowse was beyond the jurisdiction of Kansas.

First, facts recited in the affidavit filed by the county attorney pursuant to the above statute do not lay the necessary foundation to establish that Officer Prowse was beyond the jurisdiction of Kansas or that the state had exercised reasonable diligence to produce him at the trial. The facts recited in such motion filed pursuant to 60-2934, *supra*, were material to procure a ruling on such motion only. The affidavit filed with that motion does not rise to the dignity of evidence. It was not even presented by the state at the trial of the action. (*State v. Bonskowski*, 180 Kan. 726, 308 P. 2d 168; and *State v. Brown*, supra.)

Second, mere argument and colloquy between court and counsel which took place at the hearing on the motion, or in arguing objections at the trial, does not rise to the dignity of evidence which the state is required to produce at the trial to show that reasonable diligence has been exercised to produce the absent witness whose testimony is material. The decision in *State v. Brown*, supra, turned on this very point. The court there said:

". . . Statements of counsel, however, are not evidence any more than are the opening statements of counsel in the presentation of a case before a jury or to the court. The foundation, which the law contemplates, is a *foundation in evidence. It is proof that is required.* Proof that due diligence has been exercised and that the testimony of the witness is not available. . . ." (p. 394.)

Third, a statement by counsel for the appellant that he placed a telephone call to each office location of Officer Prowse in the city of Wichita and received a response that Officer Prowse was on vacation, does not constitute an admission that Officer Prowse was beyond the jurisdiction of Kansas, nor does it establish that the state exercised reasonable diligence in an attempt to produce Officer Prowse at the trial.

In *State v. Nelson*, 68 Kan. 566, 75 Pac. 505, the court was preoccupied with the provisions of Section 10 of the Bill of Rights, and the opinion reads as if it was an established fact that the witness in question was beyond the jurisdiction of Kansas and could not be located. In view of the point there considered by the court and

later decisions, the *Nelson* case cannot be regarded as controlling on the facts in this case.

It could hardly be argued the point under consideration was not prejudicial to the appellant where the fact is known that a jury hung when Officer Prowse testified in person and was cross examined in its presence, but that a jury found the appellant guilty when Officer Prowse's testimony at the previous trial was read to it.

Furthermore, the refusal of the appellant to consent to a continuance, or to admit the reading of Officer Prowse's testimony given at the previous trial, is not sufficient to supply the state's foundation for the admission of such evidence.

It is submitted the lower court should be reversed and a new trial granted.

Robb, J., joins in the foregoing dissenting opinion.