No. 45,719

STATE OF KANSAS, *Appellee,* v. VERNON ROOSEVELT WASHINGTON, *Appellant.*

(479 P. 2d 833)

Opinion filed January 23, 1971.

*Daniel B. Denk,* of Kansas City, argued the cause and was on the brief for the appellant.

*Frank D. Menghini,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Nick A. Tomasic,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Vernon Roosevelt Washington, has appealed from his conviction by a jury of the crime of murder in the first degree (K. S. A. 21-401) and his sentence of life imprisonment. The offense occurred on October 14, 1967, when one Mancel Lewis was killed during the perpetration of a robbery.

The various questions raised in this appeal center primarily on the trial court's permitting the testimony of a witness given at the preliminary hearing to be read to the jury.

Louise Anderson testified as a state's witness at the preliminary examination held on December 21, 1967. At that time she was subjected to vigorous and extensive cross-examination by Anthony Russo, defendant's retained counsel. When the case came on for trial in district court in April 1969, the state presented evidence with respect to its unsuccessful efforts to locate the witness. Thereupon, the trial court determined the witness was unavailable and, over defendant's objection, permitted the testimony she had given at the preliminary hearing to be read to the jury.

At the trial, as well as on appeal, defendant complains of the trial court's ruling on the ground that his constitutional right to be confronted with the witnesses against him was violated. He argues that the right of confrontation includes not only the right to cross-examine the witness, but also the right to have the jury weigh the witness's demeanor. Furthermore, he stresses that a preliminary examination is far different in nature and purpose than the trial itself.

The identical arguments now advanced were fully answered in *State v. Terry,* 202 Kan. 599, 451 P. 2d 211, where our own decisions on the point were examined in light of recent pronouncements by the United States Supreme Court. There we held:

"Under both the federal and state constitutions a defendant charged with crime is entitled to be confronted with the witnesses against him—that is, to meet them face to face.

"The basic reason underlying the constitutional 'confrontation' rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him.

"An exception to the confrontation requirement is that where a witness is unavailable and has given testimony at a previous judicial proceeding [such as a preliminary examination] against the same defendant which was subject to cross-examination by that defendant—the testimony of such witness may, upon a proper showing and foundation—be introduced at the subsequent proceeding. This exception has been explained as arising from practical necessity and justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirements." (Syl. 1, 2, 3.)

The provisions of K. S. A. 60-460 (*c*) (2) for the most part codify the decisions in this jurisdiction, permitting the testimony of a witness given at a preliminary hearing to be used at trial. Even though the witness's testimony given at the preliminary examination was subject to cross-examination by the defendant, as a condition precedent to the testimony being admissible at trial, it must be shown that the witness is unavailable.

Under the federal constitutional standard as applied to the states, the test of unavailability, for the purposes of the exception to the confrontation requirement, is whether the prosecutorial authorities have made a "good faith effort" to obtain the witness's presence at trial (*Barber v. Page,* 390 U. S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318). Consistent with the federal mandate is our long-standing rule that before the state may use the testimony of an absent witness given at a former trial or preliminary hearing, it must be made to appear the witness cannot, by the exercise of reasonable diligence, be produced at trial (*State v. Lesco,* 194 Kan. 555, 400 P. 2d 695; *State v. Guthrie,* 192 Kan. 659, 391 P. 2d 95; *State v. Brown,* 181 Kan. 375, 312 P. 2d 832; *State v. Bonskowski,* 180 Kan. 726, 308 P. 2d 168; *State v. Streeter,* 173 Kan. 240, 245 P. 2d 1177. Also, see K. S. A. 60-459 [*g*] ).

By way of foundation evidence, the state called Joseph A. Horvat, an investigator for the county attorney's office, who testified about

the efforts made to locate Louise Anderson during the six months preceding trial. Subpoenas were issued and given to members of the vice squad in the event any of them encountered the witness. Horvat consulted with Major Boston Daniels of the Kansas City, Kansas police department, who received information the witness might be in Leavenworth. Major Daniels contacted the authorities there and sent the detective bureau a "mug shot," all to no avail. Horvat and sheriff's deputies went to at least two addresses they had for the witness on several occasions, but were told each time that she had moved and thus were unable to get any "leads" on her whereabouts. The record also discloses that subpoenas were issued immediately before trial for Louise Anderson, the last bearing a return by the sheriff that he was unable to locate the witness "after diligent search and inquiry." Contrary to defendant's contention, the foregoing evidence was sufficient to establish that reasonable diligence had been used by the state in seeking to ascertain the whereabouts of the witness and to procure her attendance at trial. The trial court did not err in finding the witness was unavailable and in permitting her testimony to be read to the jury.

Defendant also asserts the trial court erred in overruling his objections to leading questions and to the scope of redirect examination of the witness Anderson when her preliminary hearing testimony was read to the jury. Assuming, as defendant suggests, that under K. S. A. 60-460 ( c ) the same rules relating to objections to the admissibility of depositions are applicable to objections to prior testimony given at a preliminary hearing, we are of the opinion the rulings of the trial court should not be disturbed. Any objection to leading questions was waived when defendant failed to object at the time of the preliminary hearing. ( K. S. A. 60-226 [ e ] and 60-232 [ c ] [ 2 ]; *Elyria-Lorain Broadcasting Co. v. Lorain Journal Co.*, 298 F. 2d 356 ( 6th Cir. 1961 ); *Nutterville v. McLam*, 84 Idaho 36, 367 P. 2d 576. ) The scope of redirect examination rests largely in the sound discretion of the trial court. We find nothing here indicating the lower court exceeded the bounds of discretion in permitting the testimony of the witness given on redirect examination to be read to the jury.

Defendant next complains about the jury being instructed that the testimony of an unavailable witness was to be weighed by the same standards as other testimony. ( See PIK 2.22. ) The argument is made that the instruction placed undue weight and emphasis

upon the testimony of Louise Anderson. We discern nothing prejudicial in the giving of the instruction. The PIK committee suggests, and we believe rightly so, that when testimony of an absent witness is read to the jury, the court may properly call attention to such evidence by an appropriate instruction inasmuch as members of the jury might otherwise disregard testimony of a witness they have neither seen nor heard.

Defendant finally contends he was denied a trial by an "impartial jury" because a number of prospective jurors were successfully challenged for cause after stating they possessed moral, personal, or religious convictions against imposition of the death penalty. He urges that selective exclusion of jurors having an attitude against capital punishment results in a more prosecution-prone jury with greater propensity to render a guilty verdict. The same contention was fully considered last month in *Zimmer v. State*, 206 Kan. 304, 477 P. 2d 971, where we held that the exclusion of jurors opposed to capital punishment will not be presumed to result in an unrepresentative jury on the issue of guilt or to increase the risk of conviction in violation of constitutional standards. Our decision in *Zimmer* disposes of the point and further discussion would merely be repetitious.

No prejudicial error has been shown and the judgment of the district court is affirmed.